TIBERIUS D. MOCANU ESQ.
Law Offices of Stephen J. Nutting
Post Office Box 5093
Saipan,  MP 96950
Telephone:     (670) 234-6891
Facsimile:      (670) 234-6893
Email: tiberiusmocanu@gmail.com
Attorney for Defendants
Attorney for Defendants

FILED
Clerk
District Court

FEB 23 2018

for the Northern Mariana Islands
By_____
(Deputy Clerk)

## IN THE UNITED STATES DISTRICT COURT
### FOR THE
### NORTHERN MARIANA ISLANDS

CYNTHIA I. DELEON GUERRERO

Plaintiff,

vs.

COMMONWEALTH OF THE
NORTHERN MARIANA ISLANDS
STATE BOARD OF EDUCATION;

MARYLOU S. ADA, in her official and
personal capacity;

JANICE A. TENORIO, in her official and
personal capacity;

HERMAN T. GUERRERO, in his official
and personal capacity;

FLORINE M. HOFSCHNEIDER, in his
official and personal capacity;

HERMAN M. ATALIG, in his official and
personal capacity.

DEFENDANTS.

CV  18 -  0006

Civil Action No.

**NOTICE OF REMOVAL**

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
MARIANA ISLANDS:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants hereby

remove to this Court a civil action from the Commonwealth Superior Court described below and

set forth the following in support of its Notice of Removal:

1

**Factual Background**

1.     On January 18, 2018, an action was commenced in the Superior Court for the Commonwealth of the Northern Mariana Islands entitled *Cynthia Deleon Guerrero* v. *Commonwealth of the Northern Mariana Islands State Board of Education; Marylou S. Ada; Janice A. Tenorio; Herman T. Guerrero; Florine M. Hofschneider; Herman M. Atalig*, Civil Case No. 18-0024.  True and correct copies of all process, pleadings, and orders served on defendants are attached to this Notice pursuant to 28 U.S.C. § 1446(a).  (Exhibit 1).

2.     In the Verified Complaint, Plaintiffs asserted causes of action for violations of 42 U.S.C. §§ 1983, 1985 and Fifth and Fourteenth Amendments of the United States Constitution. **(Exhibit 1 0001-00010).**

**Basis of Jurisdiction: Federal Question**

3.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendants pursuant to provisions of 28 U.S.C. § 1441(a) because the Complaint alleges a federal question in the form of violations of federal statutes and the United States Constitution.

4.     This Court also has jurisdiction over the claims arising under the state law of the Commonwealth of the Northern Mariana Islands pursuant to 28 U.S.C. § 1367(a).

**Satisfaction of Other Requirements**

5.     This Notice of Removal is being filed within thirty days of receipt by the defendants, "through service or otherwise" of a copy of the initial pleading setting forth the claim for relief upon which the action is based. Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

6.     A copy of this Notice of Removal is being filed with the Clerk of the Commonwealth Superior Court and is being served on the Plaintiffs' counsel of record pursuant

to 28 U.S.C. § 1446(a) and (d).

DATED: February 23, 2018

_____
Tiberius D. Mocanu
Special Assistant Attorney General

SERS NICHOLAS LAW OFFICE
BRIEN SERS NICHOLAS
Attorney at Law
Pupulu Dr./Arr Lp., Lower Gualo Rai
P.O. Box 502876
Saipan, MP 96950

Telephone No.:        (670) 235-7190
Facsimile No.:        (670) 235-7192

Attorney for Plaintiff
        Cynthia I. Deleon Guerrero

E-FILED
CNMI SUPERIOR COURT
E-filed: Jan 17 2018 11 56AM
Clerk Review: Jan 17 2018 12 14PM
Filing ID: 61574956
Case Number: 18-0024-CV
Sabrina Dela Cruz

IN THE SUPERIOR COURT
OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| CYNTHIA I. DELEON GUERRERO, | CIVIL ACTION NO. 18-__0024(E)__ |
| Plaintiff, | |
| vs. | |
| BOARD OF EDUCATION FOR THE COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS; MARYLOU S. ADA, in her official and personal capacities; JANICE A. TENORIO, in her official and personal capacities; HERMAN T. GUERRERO, in his official and personal capacities; FLORINE M. HOFSCHNEIDER, in her official and personal capacities; and HERMAN M. ATALIG, in his official and personal capacities, | VERIFIED COMPLAINT and DEMAND FOR A JURY TRIAL ON ALL COUNTS |
| Defendants. | |

COMES NOW CYNTHIA I. DELEON GUERRERO, Plaintiff herein, by and through her Counsel, Brien Sers Nicholas, Esq., and files foregoing Verified Complaint against the above-named defendants herein and further request for a jury trial on all of her claims herein presented. In support of the same, Plaintiff alleges as follows:

EXHIBIT 1- 0001

## JURISDICTION:

1.     This Court has jurisdiction over this matter pursuant to the Commonwealth Judicial Reorganization Act of 1989, more specifically 1 CMC § 3202.

## VENUE:

2.     This Court, as the CNMI Superior Court, is the proper venue in that all the named-defendants herein reside within the Commonwealth of the Northern Mariana Islands ["CNMI"] and, further, that a substantial part of the events giving rise to this action occurred within the same.

## PARTIES:

4.     Plaintiff Cynthia I. Deleon Guerrero ["Plaintiff"] is a Citizen of the United States of America, a Resident of the Commonwealth of the Northern Mariana Islands, and, at all times relevant herein, was employed pursuant to an employment contract as the Chief Executive Officer ["Commissioner"] for CNMI Public School System ["PSS"].

5.     Defendant CNMI Board of Education ["Defendant BOE"] is the legal body responsible for creating policies for PSS and, at all times relevant herein, was the Employer of Plaintiff herein pursuant to the employment contract herein referenced.

6.     Defendant MaryLou S. Ada ["Defendant Ada"] is a Citizen of the United States of America, a resident of the Commonwealth of the Northern Mariana Islands, and, at all times relevant herein, was one (1) of the five (5) members of and the Chairwomen of Defendant BOE.

7.     Defendant Janice A. Tenorio ["Defendant Tenorio"] is a Citizen of the United States of America, a resident of the Commonwealth of the Northern Mariana Islands, and, at all times relevant herein, was (1) of the five (5) members of and the Vice–Chairwoman of Defendant BOE.



8.     Defendant Herman M. Atalig ["Defendant Atalig"] is a Citizen of the United States of America, a resident of the Commonwealth of the Northern Mariana Islands, and, at all times relevant herein, was (1) of the five (5) members of and the Secretary/Treasurer of Defendant BOE.

9.     Defendant Herman T. Guerrero ["Defendant Guerrero"] is a Citizen of the United States of America, a resident of the Commonwealth of the Northern Mariana Islands, and, at all times relevant herein, was (1) of the five (5) members of Defendant BOE.

10.     Defendant Florine M. Hofschneider ["Defendant Hofschneider"] is a Citizen of the United States of America, a resident of the Commonwealth of the Northern Mariana Islands, and, at all times relevant herein, was (1) of the five (5) members of Defendant BOE.

## FACTUAL ALLEGATIONS:

11.     Plaintiff, at all times relevant herein, was employed by Defendant BOE as the Commissioner for the CNMI PSS pursuant to an employment contract for a term of 4 years, from November 21st, 2016 to November 20th, 2020.  A true and correct copy of said employment contract is attached hereto as Exhibit A.

12.     Plaintiff's employment contract, in relevant parts, mandated the following, to wit:

     a.     an annual salary of $90,000.00;

     b.     a monthly transportation allowance of $800.00;

     c.     accrual of annual leave at the rate of 8 hours per pay period; and

     d.     accrual of sick leave at the rate of 4 hours per pay period.

13.     Plaintiff's employment further mandated Defendant BOE to evaluate Plaintiff on an annual basis with Plaintiff being entitled to no less than 15 days advance notice from Defendant BOE of the date and time of such an annual evaluation, including Plaintiff agreeing to the evaluation tools to be used to evaluate her.



14.     Plaintiff's employment contract, with respect to termination, allowed for termination "without cause" upon the positive vote of 3 members of Defendant BOE.

15.     On October 30th, 2017 and on behalf of Defendant BOE, Defendants Ada, Tenorio, Atalig, Guerrero, and Hofschneider collectively voted to terminate and did terminate Plaintiff's employment contract supposedly "without cause" as above mention. Attached hereto and made a part hereof as Exhibit B is a true and correct copy of the foregoing termination notice.

16.     The Defendants, in an attempt to justify the purported termination of Plaintiff without cause and through Defendant Ada in her capacity as the Chairwoman for Defendant BOE, made a public statement in the print media that Plaintiff was terminated because she was not getting along with them as the Members of Defendant BOE. The foregoing constituted "for cause" based on the facts and circumstances of this case, contrary to the representation by the Defendants above alleged.

17.     Plaintiff further, based on information and beliefs, alleges herein that her termination was also in retaliation for her calling out and questioning the Defendants in their continued micromanagement of PSS and Plaintiff's continued refusal to consent to Defendants' continued requests for funding from PSS because Defendants had exhausted all of their budget for FY 2016-2017.

18.     Plaintiff, almost immediately upon being hired as the PSS Commissioner, was asked by the Board to remove certain "key management officials" from PSS for which Plaintiff refused to do. And, along this line, Plaintiff requested that they be left alone as they were very much qualified to assist PSS and Plaintiff in doing her job.

19.     Plaintiff, as time went on, also began to question why certain travel authorizations for PSS employees needing to travel off-island for PSS businesses were being denied for no

0004

reason at all by the Defendants, all to the detriment of PSS. At the same times, however, attempts were made by the Defendants to replace those employees being recommended by Plaintiff for off-island travel for PSS with employees not qualified to take such travels, said attempts to include former PSS employees as well.

20.     The Defendants, in one of their many actions taken against Plaintiff, were able to reorganize the positions of legal counsels hired by PSS by removing them to Defendant BOE as its employees, leaving PSS and the Plaintiff for that matter without any legal counsel for assistance. And, in this light, the Defendants attempted to have Plaintiff fund the legal counsel positions with PSS funds, which Plaintiff refused.

21.     The Defendants, on another occasion, demanded of Plaintiff to transfer some $175,000.00 of PSS funds to the account of Defendant BOE all because Defendants had exhausted their allotted budget for FY 2016-17. Plaintiff, again, refused as it was her understanding that this was against the law.

23.     The amount of hostilities towards Plaintiff by the Defendants only grew as time went on and was displayed most prominently at private and public meetings which the Defendants called with Plaintiff being berated and harassed in front of others and the individual Defendants themselves. Just to show the kind of micromanagement that Plaintiff had to put up with the Defendants, on one such private meeting for example, Plaintiff was told that the way her monthly report was being presented to the Defendants was not acceptable and that was it. Suffice to say, on one occasion where Plaintiff asked to explain one of her report, it was very much obvious that the Defendants were not interested to hear her report to begin with.

24.     Plaintiff, at all times when the hostilities, harassments, beratings by Defendants towards her were taking place, did her best to deal with them and continued to perform her duties and responsibilities as the PSS Commissioner under such circumstances to the best of her

5



abilities and did so in an honorable manner.  The actions of Defendant herein alleged against Plaintiff were intentional, hurtful, and in total disregard of Plaintiff's rights in this case.

25.     On October 6th, 2017, Plaintiff wrote a letter of complaint to Defendants which addressed her concerns with the on-going hostilities towards her and sought the response from Defendants regarding her concerns as addressed in her letter.  No response was ever received from Defendants in this regards.

26.     On October 20th, 2017, Plaintiff received a notice from Defendant Ada, as the Chairwoman of Defendant BOE, notifying her of Defendants starting their discussion of evaluating her (Plaintiff) on October 25th, 2017.  Ironically, on the same date of October 20th, 2017, Defendant BOE through Defendant Ada was also presented with Plaintiff's Notice of Personal Action ["NPA"] which would have allowed Plaintiff to receive a salary increase just like the rest of Defendant BOE's employees who had gotten their salary increases.  The salary increases were based on a new pay scaled approved by Defendants for employees of Defendant BOE and CNMI PSS.  Defendant Ada, as the Chairwoman of Defendant BOE, refused to sign off on Plaintiff's NPA.

27.     Plaintiff, in response, asked if she could attend such a discussion to answer any questions or concerns raised about her evaluation.  Plaintiff was told by Defendants that she could not.  Plaintiff then asked if she could just sit outside of the board conference room, again, just in case Defendants wanted to hear from her regarding her evaluation.  Again, Plaintiff was told she could not.

28.     On October 29th, 2017, Plaintiff had to take an off-island trip to Honolulu, Hawaii to attend a Head Start Conference.  The trip had been previously approved by Defendants. Plaintiff arrived in Honolulu, Hawaii on October 30th, 2017, Saipan Time.  Shortly after arrival, Plaintiff had a chance to check her emails and noticed that she had received an email from



Defendants containing the termination notice of her employment contract, herein attached as Exhibit B.

29. Plaintiff, at all times relevant herein, was not afforded any opportunity by Defendants for her to be heard regarding her evaluation and, more importantly, the termination of her employment contract.

30. The termination of Plaintiff's employment contract, as herein alleged, was for cause and therefore Plaintiff was entitled to be heard before any actions are taken by Defendants to terminate Plaintiff's employment contract.

## COUNT I:  VIOLATIONS OF 42 U.S.C. § 1983 BY DEFENDANTS ADA, TENORIO, ATALIG, GUERRERO, AND HOFSCHNEIDER IN THEIR INDIVIDUAL CAPACITIES

31. Plaintiff repeats, realleges and incorporates by reference her allegations in ¶¶ 1 through 30 above with the same force and effect as if herein set forth.

32. At all times relevant herein, the conducts of the above-named Defendants were subject to 42 U.S.C. §§ 1983, 1985, and 1988.

33. Acting under the color of law and with reckless disregard for the rights of Plaintiff, said individually-named Defendants worked a denial of Plaintiff's rights, privileges or immunities secured to her by the constitutions of the United States and the CNMI, to wit: by failing to give Plaintiff fair notice of the "cause[s]" in support of their decision to terminate Plaintiff's employment and by failing to afford Plaintiff a fair, impartial and meaningful hearing before terminating Plaintiff's employment contract with Defendant

34. As a result of the above-actions by said individually named Defendants herein, Plaintiff has been deprived of her rights to her good name and her property, all in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.



WHEREFORE, as a direct and proximate cause of their actions herein alleged, Plaintiff suffered damages as herein prayed for below.

### COUNT II:  VIOLATIONS OF 42 U.S.C. §§ 1983 AND 1985: CONSPIRACY BY DEFENDANTS ADA, TENORIO, ATALIG, GUERRERO, AND HOFSCHNEIDER IN THEIR INDIVIDUAL CAPACITIES

35.     Plaintiff repeats, realleges and incorporates by reference her allegations in ¶¶ 1 through 34 above with the same force and effect as if herein set forth.

36.     At all times relevant herein, said individually named Defendants herein (a) had an object to be accomplished; (b) had an agreement on the object or course of actions; (c) performed one or more unlawful overt acts; and (d) caused Plaintiff damages that were a direct result of those acts.

37.     In furtherance of their agreed objectives, to wit: terminating Plaintiff's employment contract and removing her as the Commissioner of Education for CNMI PSS for PSS, the individually named Defendants held a meeting amongst themselves to discuss their objectives herein without notice to Plaintiff.

38.     The Defendants, individually and collectively, knew or should have known that their decision to terminate Plaintiff's employment contract was for cause, thereby entitling Plaintiff to notice and an opportunity to be heard.

39.     The Defendants, by their agreement to accomplish their objectives herein alleged, failed to give Plaintiff notice and proceeded to accomplish their objectives herein by all voting unanimously to terminate Plaintiff's employment contract as evidenced by Exhibit B attached hereto.

WHEREFORE, as a direct and proximate cause of their actions herein alleged, Plaintiff suffered damages as herein prayed for below.

8



## COUNT III:  WRONGFUL TERMINATION AGAINST
## DEFENDANT BOE

40.    Plaintiff repeats, realleges and incorporates by reference her allegations in ¶¶ 1 through 39 above with the same force and effect as if herein set forth.

41.    At all times relevant herein, Plaintiff had a legally enforceable employment contract with Defendant BOE.

42.    Defendant BOE, through the actions of the individually named Defendants herein, unlawfully terminated Plaintiff's employment contract in that it knew or should have known that the termination was accomplished without notice to and an opportunity by Plaintiff to be heard.

43.    Defendant BOE, furthermore, knew or should have known that the termination was in retaliation by the individually named Defendants against Plaintiff based on Plaintiff's calling out said Defendants for their micromanagement of PSS and Plaintiff not consenting to their otherwise illegal demands for funds from PSS.

WHEREFORE, as a direct and proximate cause of their actions herein alleged, Plaintiff suffered damages as herein prayed for below.

## COUNT IV:  BREACH OF CONTRACT AGAINST
## DEFENDANT BOE

44.    Plaintiff repeats, realleges and incorporates by reference her allegations in ¶¶ 1 through 43 above with the same force and effect as if herein set forth.

45.    At all times relevant herein, Plaintiff had a legally enforceable employment contract with Defendant BOE.

46.    Defendant BOE, through the actions of the individually named Defendants herein, unlawfully breached Plaintiff's employment contract when it terminated the same without affording Plaintiff notice and an opportunity to be heard as well as in retaliation against Plaintiff as herein alleged.



WHEREFORE, as a direct and proximate cause of their actions herein alleged, Plaintiff suffered damages as herein prayed for below.

## RELIEFS:

Based upon the foregoing, Plaintiff respectfully prays for judgments from this Honorable Court as against all the Defendant herein as follows:

A.    For compensatory and punitive damages against the Defendants Ada, Tenorio, Atalig, Guerrero, and Hofschneider in the amounts to be proven at trial;

B.    For compensatory damages against Defendant BOE in the amount of $350,000.00;

C.    For award of reasonable attorney fees and costs of suit; and

D.    For any and all other remedies that this Honorable Court may deem just and equitable in this matter.

Dated this the _____ day of January, 2018.

Brien Sers Nicholas, Esq. (F 163)
Attorney for Plaintiff

Verification by Plaintiff:

I, CYNTHIA I. DELEON GUERRERO, do hereby state under penalty of perjury I have read the foregoing Complaint and the matters stated herein are true and correct to the best of my knowledge, except as to those matters which are stated on information and beliefs, and as to those matters, I believe them to be true.

Dated this the _____ day of January, 2018.

Cynthia I. Deleon Guerrero,
Plaintiff

10

OOIC

<u>Demand for a Trial by Jury</u>:

Plaintiff hereby demands a trial by jury as to all counts.

Dated this the ___17ᵗʰ___ day of January, 2018.

_____
Brien Sers Nicholas, Esq. (F 163)
Attorney for Plaintiff

11

0011

E-FILED
CNMI SUPERIOR COURT
E-filed: Jan 17 2018 11:56AM
Clerk Review: Jan 17 2018 12:14PM
Filing ID: 61574956
Case Number: 18-0024-CV
Sabrina Dela Cruz

## EMPLOYMENT CONTRACT FOR
## COMMISSIONER OF EDUCATION

THIS CONTRACT FOR EMPLOYMENT is made and entered into upon the execution of the last of all the required signatures to this contract, by and between the **BOARD OF EDUCATION OF THE COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**, (hereinafter referred to as BOE) P.O. Box 501370, Saipan, MP 96950, an elected body responsible for creating policy and exercising control over the Commonwealth of the Northern Mariana Islands Public School System (hereinafter referred to as PSS) through Article XV of the CNMI Constitution and CNMI Public Law 6-10, and **Cynthia I. Deleon Guerrero whose address is P.O. Box 7255 SVRB, Saipan, MP 96950** (hereinafter referred to as Employee).

### Terms and Conditions

1.      **EMPLOYMENT:** BOE hereby employs the Employee to fulfill the duties of the Commissioner of Education. Employee, as Chief Executive Officer for the CNMI Public School System, is the primary person responsible for all aspects of its operations. Those responsibilities include all reasonable requirements necessary for running PSS in an effective and efficient manner.

　　a. Evaluation:    BOE and Employee agree that a formal Employee evaluation will occur annually.

　　　　i. BOE and Employee agree that for the first year of this contract, the evaluation tool that shall be used is set forth in Attachment "A" of this document.

# EXHIBIT "A"



0012

      ii.   BOE and Employee agree that within thirty (30) calendar days of signing this contract, Employee will provide the BOE her professional goals which will become Attachment "B" of this contract and used to evaluate her performance at the first annual evaluation.

      iii.   BOE will notify Employee no less than fifteen (15) days prior to the date and time of the annual evaluation.

      iv.   BOE and Employee agree that any subsequent evaluation tool used will be determined and distributed at each annual evaluation meeting.

b.   <u>Location:</u> The services of Employee are to be performed primarily on the island of Saipan, although travel to, and responsibility over PSS operations and personnel on Tinian and Rota in the Commonwealth shall be required.

c.   <u>Compensation Level:</u> The Employee shall receive

    (1)   An annual salary of $90,000.

       i. BOE and Employee agree that this salary shall be reassessed annually, and that Employee's salary may be adjusted based on the Employee's evaluation and at the sole discretion of the BOE.

    (2)   The use of an official PSS vehicle for official functions.

       i.   In lieu of an official PSS vehicle, Employee agrees to be paid directly a monthly sum of allowance of $800.00 a month in addition to Employee contract salary.  No additional payments shall be made for gas, repairs, or insurance for the vehicle.  The Employee also agrees to hold Employer harmless for any damage caused by her vehicle to herself,

0013

others, or property.

d.     Term:  Employee shall commence employment on the 21st day of November,
       2016 and shall continue to the 20th day of November, 2020, subject to the
       conditions set forth in this contract.

2.     **OBLIGATIONS:**  Employee hereby agrees to be responsible for and perform all
of the acts and duties pertaining to the Employee's employment and to conform to all reasonable
requests and directives of the BOE.

(a) **Conflict of Interest:** Employee further agrees to avoid conflicts of interest in her
       official capacity in dealing with any entities conducting business with the PSS, and/or
       any of its employees, vendors and contractors.  Conflicts of interest include but are
       not limited to, Employee engaging in any activity or have a direct or indirect financial
       interest in any activity that creates an interest or constitutes an interest that conflicts
       with Employee's duties under her Contract.

(b) **Gifts and Gratitudes:**  Employee is prohibited during the course of employment
       from receiving any personal gifts, directly or indirectly, from entities doing business
       or seeking to do business with the PSS.

(c) **Political Activity:**  Employee agrees not to publicly endorse or actively campaign for
       any political party or candidate to an elected office within the Commonwealth of the
       Northern Mariana Islands during the term of employment with PSS.

3.     **EMPLOYEE'S APPLICATION:** Employee hereby represents that all the
statements made in the attached Job Application and any other employee submissions are
truthful and accurate.  BOE has relied on these statements in making the decision to offer
employment.  Any

0014

material omissions or misstatements will be grounds for termination. The Job Application is hereby attached and incorporated by this reference into this Contract.

4. **WORK SCHEDULE:** The Employee is exempt under the Fair Labor Standards Act (FLSA) and is consequently required to work however many hours are necessary to perform the requirements for this position. Overtime payments and compensatory time accrual shall not be available.

5. **COMPENSATION:** As compensation for the services to be provided hereunder, Employee shall be paid the total sum of salary stated in §1(b) per annum, which total sum shall be payable in twenty-six (26) equal bi-weekly (pay periods) installments per annum.

6. **TERMINATION OF EMPLOYMENT:** The parties agree that Employee serves at the will of the BOE. Consequently, this Contract may be terminated at any time by the BOE, with or without cause, upon the positive vote of three (3) of its elected members. Unless the BOE votes otherwise, the termination shall be effective immediately upon the taking of the vote. In the event that the Employee is terminated without cause, she shall be paid a severance payment, which shall be the equivalent of what Employee would have been paid in salary for four (4) pay periods.

7. **RENEWAL:** This Contract is only for the term stated in §1(c) and no right to renewal is granted, expressly or impliedly, by BOE to the Employee regardless of whether job performance during the contract term is satisfactory. An offer for continued employment is completely within the discretion of BOE. If the Employee wishes to be considered for an additional contract period, then notice should be given to BOE six (6) months in advance of the termination date for consideration.

8. **INSURANCE BENEFITS:** The Commonwealth Government, not the BOE,



makes available health insurance and life insurance coverage for its employees. These are group policies in which the Employee, at his/her discretion, may wish to participate. Participation is on a shared basis where the employer pays a portion of the insurance premium and the employee pays the remainder. The Commonwealth Government permits BOE employees to participate in these group plans. If the Employee chooses to participate in the government plan, then BOE will pay premiums on the same basis as the Commonwealth government contributes for its employees.

9.     ANNUAL LEAVE AND SICK LEAVE: Employee shall accrue annual leave at the rate of eight (8) hours per pay period. The maximum accumulation of annual leave shall be three hundred sixty (360) hours. Annual leave accrued in excess of three hundred sixty (360) hours shall be converted to sick leave. The use of annual leave is subject to prior approval of the Chairperson of the BOE.

Employee shall accrue sick leave at the rate of four (4) hours per pay period. The use of sick leave is subject to prior approval of the Chairperson of the BOE.

The use of all other forms of leave, such as Family Medical Leave, shall be governed by the minimum applicable standards as set forth by Commonwealth and/or Federal law.

10.     RESIGNATION: The Employee may resign during the term of this contract with sixty (60) days advanced written notice. The BOE expressly reserves the right to waive this requirement and accept Employee's resignation immediately, should they believe that it is in the BOE's best interests to do so. Both parties agree hereto that Employee's salary and benefits will discontinue on the day that her resignation becomes effective.

11. SEVERABILITY: The clauses, sentences and parts of this Contract are severable to the extend found to be unlawful or ineffective, by a court of competent jurisdiction,

but the illegality or ineffectiveness of any such clause, sentence or part shall not affect any other clause, sentence or part of this Contract. Rather, the remaining provisions hereof shall remain in full force and effect.

12. **ENTIRE AGREEMENT:** This Contract, together with any exhibits or documents identified or referred to herein, such as the job description, contains the entire agreement of the parties with respect to the matters covered herein as of the date of execution hereof, and no other agreement, statement, or promise made by any party, or to any agency of any party, prior to the date of this Contract shall be binding or valid.

13.    **MODIFICATION:** This Contract is not subject to modification except in writing, duly approved by the BOE and signed by the parties to be charged there under.

14. **GOVERNING LAW:** The laws of the Commonwealth of the Northern Mariana Islands shall govern the validity, construction, and effect of this Contract. Any action brought for the enforcement of this Contract shall be brought in the courts of the Commonwealth of the Northern Mariana Islands only.

15. **FORMATION OF CONTRACT:** This contract form is not valid unless signed by all parties indicated by the signature blanks. All BOE and PSS signatures must be executed first. At that time, the Contract form constitutes an offer of employment to the Employee. When the Employee signs the Contract without alteration, a contract of employment is established. Any alteration or modification of this Contract form by the Employee will constitute a rejection of the contract, regardless of whether or not it is signed by the Employee.

16.    **MEDICAL EXAMINATION AND DRUG TESTING:** This offer of employment is tentative. A medical examination and drug test will be required before the Employee starts work. The medical examination will be performed at Employee's own expense;

however, the drug test will be performed at Employer's expense. If the medical examination discloses medical conditions that prevent Employee from successfully performing the essential functions of the job, BOE will attempt to make accommodations to allow the Employee to work. If the examination discloses a medical condition that poses a significant risk of substantial harm to the health or safety of the Employee or other people in the workplace, BOE will attempt to make accommodations to allow the Employee to work. In either case, if no reasonable accommodations can be found, or if they cause an undue hardship on BOE, the parties agree that this Contract will be void.

IN WITNESS WHEREOF, the parties hereto have executed this Employment Contract on the dates noted by their respective signatures.

## HUMAN RESOURCES OFFICER

I hereby certify that this person is eligible for the vacancy, that I have obtained a local criminal conviction clearance for this person, and that the claimed education and work experience necessary for this position has been verified.

I have sent fingerprint cards for this person to the FBI. _____ Yes ___✗___ No

If so, I have received a response from the FBI. _____ Yes ___✗___ No

Date: 11/18/16

_____
Lucretia Borja
Acting PSS Human Resources Director

0018

**FISCAL AND BUDGET OFFICER**

I hereby certify that that there are sufficient funds available in Account No. _111002 . 9110 . 920 BE_ for a total obligation of $90,000.00 required for this Contract.

Date: _11/18/16_

_____
Perlita Santos
Acting PSS Director of Finance

**LEGAL COUNSEL**

I hereby certify that this Contract accurately represents the BOE decisions and that the Chairman of the BOE has the requisite legal capacity to execute contracts on behalf of the BOE to employ the Commissioner.

Date: _11/18/16_

_____
Adam C. Hardwicke, Esq.
PSS Legal Counsel

**CONTRACTING PARTIES**

**FOR BOE:**

Date: _____

_____
Herman T. Guerrero
Chairperson, Board of Education

**CONTRACTING PARTIES**

2016 Employment Contract
Cynthia I. Deleon Guerrero
Page 8 of 9


0019

**FOR BOE:**

Date: _____                    Denise (Tanya) R. King
                                         Vice-Chairperson, Board of Education

Date: _____                    Janice A. Tenorio
                                         Secretary/Treasurer, Board of Education

Date: _____                    MaryLou S. Ada, J.D.
                                         Member, Board of Education

Date: _____                    Florine M. Hofschneider
                                         Member, Board of Education

**FOR THE EMPLOYEE:**

Date: _____                    Cynthia I. Deleon Guerrero, M.Ed.
                                         Employee

0020

**FOR BOE:**

Date: _11 - 23 - 16_

Denise (Tanya) R. King
Vice-Chairperson, Board of Education

Date: _____

Janice A. Tenorio
Secretary/Treasurer, Board of Education

Date: _____

MaryLou S. Ada, J.D.
Member, Board of Education

Date: _____

Florine M. Hofschneider
Member, Board of Education

**FOR THE EMPLOYEE:**

Date: _11/21/16_

Cynthia I. Deleon Guerrero, M.Ed.
Employee

0021