FILED
Clerk
District Court
MAR 30 2018
for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| CYNTHIA DELEON GUERRERO,<br><br>  Plaintiff,<br><br>vs.<br><br>CNMI STATE BOARD OF EDUCATION *et al.*,<br><br>  Defendants. | Case No.: 18-cv-00006<br><br>**DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REMAND** |

## I.   INTRODUCTION

Plaintiff Cynthia DeLeon Guerrero has filed a civil rights action against her former employer, the CNMI Board of Education and members of the Board. (*See* Compl., ECF No. 1 at 4–24.) Defendants removed the case from the CNMI Superior Court to this Court. (Notice of Removal, ECF No. 1.) Plaintiff now seeks to remand. (Mot. to Remand, ECF No. 3.)

The motion has been fully briefed, and the Court heard argument on March 29, 2018. Having considered the arguments of the parties and reviewed the record, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

## II.   BACKGROUND

Plaintiff was employed as the Chief Executive Officer of the CNMI Public School System. (Compl. ¶¶ 4–5, ECF No. 1 at 5.) Her employment contract permitted the Board of Education to terminate her without cause upon the affirmative vote of three members. (*Id.* ¶ 14, ECF No. 1 at 7.) The contract also included a choice-of-forum clause, stating, "Any action brought for the enforcement

of this contract shall be brought in the courts of the Commonwealth of the Northern Mariana Islands only." (Contract ¶ 14, ECF No. 1 at 20.)

After her termination, Plaintiff filed suit against Defendants asserting four causes of action, claiming that they violated her due process rights, conspired to violate her due process rights, wrongfully terminated her, and breached her employment contract. (*See generally* Compl.) Defendants removed the case from the CNMI Superior Court to this Court. (Notice of Removal, ECF No. 1.) Plaintiff now seeks to enforce the choice-of-forum clause in the contract and requests the Court remand to the superior court.

### III. LEGAL STANDARD

A choice of forum clause in a contract may be enforced through the doctrine of *forum non conveniens*. *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 134 S. Ct. 568, 580 (2013). Typically, the doctrine requires a court to consider the plaintiff's choice of forum, factors relating to the parties' private interests, and factors relating to the public interest. The public interest factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 581 n.6.

However, when a contract includes a valid choice-of-forum clause, the forum selection clause "should be given controlling weight in all but the most exceptional cases," and the *forum non conveniens* analysis is modified to recognize that a valid forum selection clause is "bargained for by the parties and embodies their expectations." *In re Orange, S.A.*, 818 F.3d 956, 961 (9th Cir. 2016) (quoting *Atl. Marine Constr. Co.*, 571 U.S. at 581). The analysis is modified in three ways: (1) "the

2

plaintiff's choice of forum merits no weight"; (2) the court may not "consider arguments about the parties' private interests"; and (3) "transfer of venue will not carry with it the original venue's choice of law rules." *Id.*

## IV. DISCUSSION

### A. Whether to Remand the Federal and State Claims

Plaintiff seeks remand of the federal due process and conspiracy to violate due process claims as well as the state law claims, contending that all of the claims arise out of her employment contract and therefore fall within the choice-of-forum clause. (Reply Br. 3–4, ECF No. 15.)

Plaintiff provides no authority to support the position that her federal claims, which are individual civil rights claims, are attempts to enforce the contract. Contrary to Plaintiff's assertion, the Ninth Circuit has stated, an individual's right "not to be deprived of employment that he or she has been guaranteed is more easily characterized as a civil right, meant to be protected by section 1983." *San Bernardino Physicians' Servs. Medical Grp., Inc. v. Cnty. of San Bernardino*, 825 F.2d 1404, 1409 (9th Cir. 1987). Thus, even though the property interest at issue is a contract, the federal claims are not actions "brought for enforcement of" the contract, but rather are for enforcement of Plaintiff's civil rights. The federal claims are therefore not governed by the choice-of-forum clause.

The parties do not dispute that the civil rights claims are federal questions. Accordingly, the federal claims were properly removed from the CNMI Superior Court, and Plaintiff's motion to remand them is denied. *See* 28 U.S.C. § 1441(a) ("any civil action brought in a State court of which the district courts . . . have original jurisdiction, may be removed by the defendant"); *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 785 (3d Cir. 1995) (finding section 1983 case properly removed

3

because it raises federal question).

As to the state law claims, Defendants urge the Court to exercise supplemental jurisdiction over them because, among other things, the allegations for the wrongful termination and breach of contract claims show that Plaintiff is not attempting to enforce the contract. (Opp. Br. 5–8, ECF No. 12.) However, whether the pleadings are sufficient or fail to state a claim is a merits issue and does not affect whether Plaintiff is attempting to seek enforcement of the contract. These claims, therefore, are governed by the choice-of-forum clause.

As set forth above, absent exceptional circumstances, a valid choice-of-forum clause is controlling as to where a claim may be filed. The parties do not dispute the validity of the clause and do not point to exceptional circumstances that would justify this Court disregarding it. Further, the Court finds that the interests of the Commonwealth in adjudicating and enforcing its government agency contracts governed by Commonwealth law outweigh the interests of this Court in deciding the case. Accordingly, Plaintiff's motion is granted as to the wrongful termination and breach of contract claims, and they are remanded to the superior court.

**B. Plaintiff's Request for Attorney Fees and Costs**

Plaintiff requests attorney fees and costs resulting from this motion on the ground that it was objectively unreasonable for Defendants to remove this case from superior court. (Mot. to Remand 3–4.)

As discussed above, Defendants reasonably removed this case from superior court because the due process and conspiracy to violate due process claims are federal questions and fall outside the scope of the choice-of-forum clause. Accordingly, the request for attorney fees and costs is DENIED.

## V. CONCLUSION

For the reasons set forth above, Plaintiff's motion to remand (ECF No. 3) is GRANTED IN PART and DENIED IN PART. Plaintiff's third and fourth causes of action in her Complaint are ordered remanded to the Superior Court of the Commonwealth of the Northern Mariana Islands. Plaintiff's request for attorney fees and costs is DENIED.

The first two causes of action in the Complaint will be the sole claims subject to Defendants' motion to dismiss (ECF No. 6), which is currently set for a hearing on April 26, 2018 at 1:30 p.m. (ECF No. 14.)

IT IS SO ORDERED.

Dated this 30th day of March, 2018.

RAMONA V. MANGLONA
Chief Judge