FILED
Clerk
District Court
MAY 30 2018
for the Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| CYNTHIA DELEON GUERRERO,<br><br>Plaintiff,<br><br>vs.<br><br>CNMI STATE BOARD OF EDUCATION *et al.*,<br><br>Defendants. | Case No.: 18-cv-00006<br><br>**DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

## I.   INTRODUCTION

Plaintiff Cynthia DeLeon Guerrero has filed a civil rights action against her former employer, the CNMI Board of Education and members of the Board. (*See* Compl., ECF No. 1 at 4–24.) Defendants removed the case from the CNMI Superior Court to this Court, and now seek to dismiss for failure to state a claim. (Motion, ECF No. 6.) The Court remanded the state law claims after the motion to dismiss was filed (Order, ECF No. 23), and the motion will therefore be considered only as to the federal claims that were not remanded.

The motion has been fully briefed, and the Court heard argument on May 17, 2018. Having considered the arguments of the parties and reviewed the record, Defendants' motion is GRANTED.

## II.   BACKGROUND

Plaintiff was employed as the Commissioner or Chief Executive Officer of the CNMI Public School System. (Compl. ¶¶ 4–5, ECF No. 1 at 5.) Her employment contract was for a term of four

1

years "subject to the conditions set forth" in the contract (*id*. ¶ 1(d)), including that Plaintiff "serves at the will of the BOE" and could be "terminated at any time by the BOE, with or without cause, upon the positive vote of three (3) of its elected members." (*Id*. ¶ 6.) In addition, the contract stated that there was "no right to renewal" expressly or impliedly after the four-year term expired. (*Id*. ¶ 7.)

On October 20, 2017, Plaintiff was served with a notice from Defendant Ada informing her that Defendants would be evaluating her on October 25. (*Id*. ¶ 26.) Plaintiff requested to attend the discussion of her evaluation, but was refused. (*Id*. ¶ 27.) On October 30, 2017, Defendants voted to terminate Plaintiff's employment without cause. (*Id*. ¶ 15.) Following this vote, Defendants made a public statement that Plaintiff was terminated because she "was not getting along with them." (*Id*. ¶ 16.) Plaintiff alleges that this statement shows her termination was for cause. (*Id*.)

Additionally, Plaintiff claims that her termination was in retaliation "for her calling out and questioning the Defendants in their continued mismanagement of PSS and Plaintiff's continued refusal to consent to Defendants' continued request for funding." (*Id*. ¶ 17.) In particular, Plaintiff alleges that she refused to remove certain officials from their posts upon request from the Board, that she questioned PSS employees' travel expenses, refused the Board's improper demand to require PSS to fund legal counsel positions, and refused the Board's demand to transfer $175,000 from PSS funds to the Board. (*Id*. ¶¶ 18–21.)

Following her termination, Plaintiff filed a lawsuit in the Superior Court for the Commonwealth of the Northern Mariana Islands, asserting four causes of action against Defendants. (*See generally* Compl.) She claims that they violated her constitutional rights to her good name and property by failing to afford her notice and hearing prior to termination; conspired to violate these

2

rights; wrongfully terminated her; and breached her employment contract. (*Id*.) Defendants removed the case from the Superior Court to this Court. (Notice of Removal, ECF No. 1.) The Court subsequently remanded the state law claims of breach of contract and wrongful termination claims. (Order, ECF No. 23.) Defendants now seek to dismiss the remaining counts.

### III. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a pleading "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). In other words, the pleading must contain "more than labels and conclusions"; the "[f]actual allegations must be enough to raise a right to relief above a speculative level." *Eclectic Props. East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995 (9th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). Thus, a court must "identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and then consider whether the well-pleaded allegations could "plausibly give rise to an entitlement to relief." *Id*. (quoting *Iqbal*, 556 U.S. at 678-79). If the well-pleaded allegations "are merely consistent with a defendant's liability," the plausibility threshold has not been satisfied. *Id*. (quoting *Iqbal*, 556 U.S. at 678.) But "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### IV. DISCUSSION

**A. Notice of Substitution**

As an initial matter, Plaintiff contends that the Notice of Substitution filed by the

Commonwealth Attorney General is invalid. (Opp. Br. 6–7, ECF No. 13.) The Attorney General filed a Notice of Substitution, stating that pursuant to 7 CMC § 2210(a), all Defendants were being replaced by the Commonwealth because they were acting in their official capacities at the time Plaintiff was terminated. (Notice of Substitution, ECF No. 2; Certification of Scope of Employment, ECF No. 2-1.)

Under 7 CMC § 2210(a), the Attorney General may certify that a defendant "was acting within the scope of his/her office or employment at the time of the incident out of which the claim arose" and the claim "shall be deemed an action against the Commonwealth and the Commonwealth shall be substituted as the party defendant." 7 CMC § 2210(a). This certification process is part of the Commonwealth Employees' Liability Reform and Tort Compensation Act of 2006 ("Reform Act"), which was designed to limit the Commonwealth's liability in tort cases consistent with the limitations imposed under the Federal Tort Claims Act ("FTCA"). *See* 7 CMC § 2201, Comment: Pub. L. 15-22 § 2 Findings and Purpose, July 28, 2006. The Commonwealth's statute further provides that the statutory scheme is exclusive of all other remedies, except in cases, among other things, involving violations of the U.S. or Commonwealth Constitutions. 7 CMC § 2208(b)(2)(A).

The claims in Plaintiff's case allege violations of the U.S. Constitution. Thus, the Commonwealth's Reform Act is not the exclusive remedy for Plaintiff's causes of action, and Plaintiff is not bound by the limitations of the Reform Act with regard to which defendants may be named. *See Christian v. Commonwealth*, Case No. 14-cv-00010, 2016 WL 4004574, at *1 (D.N. Mar. I. July 7, 2016) (denying notice of substitution when federal statutes provided for separate cause of action and therefore Reform Act did not apply to plaintiff). This result is consistent with the Commonwealth

4

legislature's intent to model the tort liability act on the FTCA. Under the FTCA, "constitutional claims are outside the purview" of the limitations imposed by the Act. *Billings v. United States*, 57 F.3d 797, 800 (9th Cir. 1995) (substitution of United States for Secret Service Agents did not affect constitutional claims, and citing 28 U.S.C. § 2679(b)(2)(A), which states that the U.S. Attorney General's certification and substitution authority does not apply to violations of the Constitution). Accordingly, the Notice of Substitution is improper and is denied.

### B. Claim I: Violation of Fourteenth Amendment

Defendants first submit that Plaintiff fails to state a due process claim because, as an at-will employee, she lacks a property interest in her employment. (Motion 10–14, ECF No. 7.) Further, to the extent that Plaintiff is alleging an equal protection violation, she has failed to allege a discriminatory purpose for her termination. (*Id*. at 9–10, 14.)

To state a due process violation, a plaintiff must prove three elements: "(1) a property interest protected by the Constitution; (2) a deprivation of the interest by the government; and a (3) lack of required process." *Ulrich v. City and Cnty. of San Francisco*, 308 F.3d 968, 974 (9th Cir. 2002) (quoting *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)). Due process applies to public employees if they "have a 'property interest' in the terms or conditions of their employment." *Id*. at 975. The property interest is established by "an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id*.

Plaintiff contends she has a protected liberty interest in her good name, and that the employment contract is constitutionally protected property. (Compl. ¶¶ 33–34, ECF No. 1 at 10.)

5

With respect to the alleged liberty interest, Plaintiff relies on *Board of Regents of State Colleges v. Roth*, 408 U.S. 564 (1972), for the proposition that damage to her reputation gives rise to a constitutional right to a hearing prior to termination. (Opp. Br. 9.) The alleged damage to her good name is that Defendants stated publicly that she was "terminated because she was not getting along with them." (Compl. ¶ 16.)

This argument is unpersuasive. The Supreme Court has, since deciding *Roth*, clarified that an "interest in reputation alone" is not a liberty or property right. *Paul v. Davis*, 424 U.S. 693, 711 (1976). Thus, to plead a due process claim involving harm to one's reputation, a plaintiff must also plead a deprivation of a separate liberty or property interest and that the state has changed or terminated that constitutionally protected interest. *Id*. at 711–12. Accordingly, Plaintiff cannot assert a due process claim based solely on her reputation, as it is not a constitutionally protected liberty or property interest.

Furthermore, the alleged harm to her reputation does not satisfy the level of stigma that the state must inflict to bring a due process claim. The stigma imposed must be one that "might seriously damage his standing and associations in his community" or foreclose "his freedom to take advantage of other employment opportunities." *Ulrich v. City and Cnty. of San Francisco*, 308 F.3d 968, 982 (9th Cir. 2002). Here, Plaintiff alleges is that the Board stated publicly that she was not getting along with them. This is far afield from the harm caused by the state that may give rise, in conjunction with a decision to terminate employment, to an actionable claim. Specifically, nothing about Plaintiff's inability to "get along" with the board suggests dishonesty, immorality, or misconduct, and does not show she was foreclosed from subsequent employment as a result. *See Roth*, 408 U.S. at 573 (suggesting dishonesty or misconduct allegations in connection with employment may give rise to due

6

process claim); *Ulrich*, 308 F.3d at 982 (defamation in connection with employment decision may give rise to due process claim). Accordingly, Plaintiff cannot state a claim based on harm to her reputation.

Next, with respect to the employment contract, Plaintiff again relies on *Roth* to argue that she has a property right in her employment contract even if it was an "at will" contract. (Opp. Br. 11–12.) However, the Supreme Court in *Roth* clearly held that property interests "are not created by the Constitution," and a plaintiff must have a "legitimate claim of entitlement" to a contract under state law. 408 U.S. at 577–78. Thus, any property interest Plaintiff has in her contract must arise from the law of the CNMI. *Roth* did not consider whether such a right exists under CNMI law and therefore does not answer the threshold question as to whether there is any property that merits constitutional due process protection.

Plaintiff's counsel suggested during the hearing that *Connell v. Higginbotham*, 403 U.S. 207 (1971), demonstrated that all public employees had a property interest in continued employment and were owed due process prior to termination even if they lacked a formal contract or tenure. In *Connell*, the Supreme Court was faced with the question of how to balance an employee's constitutionally guaranteed right of free speech with the state's right to place conditions on employment, and concluded that a public employee who refused to sign an oath stating he or she did "not believe in the overthrow of the Government" by force or violence must be afforded due process prior to termination. *Id*. In so holding, the Supreme Court was not asked to consider and did not opine on whether the employee who was terminated had a property interest in her continued employment. *Connell* cannot, therefore, stand for the broad proposition that all at-will employees have a constitutionally protected interest in their

continued employment, and does not prove that Plaintiff has a property right in her employment contract.

The Court has reviewed the CNMI law and the contract and finds that Plaintiff has no property interest in her employment contract. Under the contract, Plaintiff's term of four years was subject to all other conditions of the contract. (Contract ¶ 1(d).) The other conditions expressly stated that she served "at the will of the BOE" and had no right to renewal after the four-year term expired. In other words, Plaintiff's contract was for at most four years but it could be terminated at any time without cause.

These contractual terms are consistent with local law, which provides that the Commissioner of Education "shall serve at the pleasure of the board and shall be appointed by the Board of Education for a term of four years and may be removed by a majority vote of the members of the board." 1 CMC § 2272. Plaintiff therefore had no reasonable expectation of continued employment and therefore was an "at will" employee with no property right for purposes of the due process clause.

This conclusion is consistent with case law interpreting the effect of similar CNMI statutes. In *Hofschneider v. Demapan-Castro*, this Court considered a law providing for the appointment of the Commissioner of the Marianas Public Lands Authority, which stated that the Commissioner "shall serve at the pleasure of the Board of Directors" of the MPLA. Case No. 04-cv-00022, 2005 WL 817710, at *2 (D.N. Mar. I. Apr. 11, 2005). Given this limitation on the Commissioner's employment, the plaintiff lacked a "reasonable expectation of continued employment" and therefore did not have a property interest arising from his employment contract. *Id*. at *3. The CNMI Supreme Court reached the same conclusion when considering a four-year contract for the Commissioner of Public Lands.

8

*DeLeon Guerrero v. Dep't of Public Lands*, 2011 MP 3 ¶¶ 10, 14 (2011). In so holding, the CNMI Supreme Court stressed that because the statute stated the "Commissioner shall serve at the pleasure of the Board of Directors," the Commissioner was an "at will" employee who lacked a property interest in continued employment even despite the four-year term of the contract. *Id*. ¶¶ 10, 18.

As with the two cases discussed above, Plaintiff's employment is limited by a statute indicating that she "shall serve at the pleasure" of the Board of Education. This statutory text therefore makes clear that she is an "at will" employee and therefore lacks a property interest in continued employment. Accordingly, Plaintiff cannot state a claim for a due process violation.

Finally, Plaintiff also alleges that her termination violated CNMI public policy and the implied covenant of good faith and fair dealing. (Opp. Br. 14–17.) Neither of these state law claims are civil rights violations that may be raised via 42 U.S.C. § 1983. *Pototsky v. Napolitano*, 210 F. App'x 637 (9th Cir. 2006) ("Section 1983 does not provide a cause of action for alleged violations of state law."). Moreover, public policy and the implied covenant do not alter Plaintiff's status as an at-will employee, and therefore do not change that the employment contract is not a property interest for purposes of the due process clause. *See Summers v. City of McCall*, 84 F. Supp. 3d 1126, 1148 (D. Idaho 2015). Instead, public policy and the implied covenant impose obligations on the employer with regard to how it should deal with employees, and failure to follow them may give rise to state law claims for wrongful termination or the implied covenant of good faith and fair dealing. However, they do not generate new constitutionally protected property rights. *Id*. Accordingly, the due process claim must be dismissed.

### C. Claim II: Conspiracy to Violate Civil Rights

Defendants next contend that, Plaintiff has failed to sufficiently allege an agreement, that Defendants carried out overt acts, and invidious discriminatory animus. (Motion 15–16.) As an initial matter, Plaintiff has not specified which subsection of section 1985 is the basis of her claim, but the Court assumes it is section 1985(3), as subsections (1) and (2), which address conspiracies to prevent officers from performing their duties and obstructing justice, appear irrelevant to Plaintiff's allegations.

To plead a conspiracy to violate civil rights under section 1985(3), a claimant must show that the defendants (1) conspired; (2) for the purposes of depriving, directly or indirectly, a person or class of the equal protection of the laws; (3) caused any act to be done in furtherance of the conspiracy; and (4) injured another's person or property or deprived another of any right or privilege of a citizen of the United States. *Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971). Additionally, a plaintiff must allege that the deprivation was motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992). This invidious discriminatory animus extends beyond race, but "only when the class in question can show that there has been a governmental determination that its members require and warrant special federal assistance in protecting their civil rights.' *Id*. Thus, the court must have designated the class as suspect or quasi-suspect or Congress must indicate the status through legislation. *Id*.

Here, as set forth above, Plaintiff lacks a constitutionally protected property interest and therefore cannot state a claim for deprivation of her due process rights. Accordingly, she cannot, as a matter of law, satisfy the final element of a section 1985(3) claim—deprivation of a right. Moreover,

10

Plaintiff's allegations, taken as a whole, do not sufficiently plead invidious discriminatory animus. She contends that Defendants conspired to deprive her of her due process rights by firing her without cause even though the termination was actually for cause. As discussed above, the "for cause" is that Plaintiff was "not getting along" with the Board. (Compl. ¶ 16.) Further, she alleges that the action was taken in retaliation for her refusing to comply with the Boards' allegedly improper demands. Nowhere does the complaint suggest that Plaintiff was terminated on account of race or other protected status. Instead, the allegedly "for cause" termination was motivated by discord between Plaintiff and Defendants, which is insufficient to demonstrate invidious discriminatory animus. Accordingly, Plaintiff's section 1985 claim must be dismissed.

### D. Qualified Immunity

Defendants claim that because Plaintiff has failed to state a claim and to show that they violated a clearly established right, they are entitled to qualified immunity. (Motion 16–17.) Because Plaintiff has failed to state a claim, the Court need not reach whether Defendants are entitled to immunity.

//

/

## V. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss (ECF No. 6) is GRANTED. Plaintiff's federal claims are DISMISSED WITH PREJUDICE.

The Clerk is directed to close the case.

IT IS SO ORDERED this 30th day of May, 2018.

RAMONA V. MANGLONA
Chief Judge