F I L E D
Clerk
District Court
JUN 21 2018
for the Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| CYNTHIA DELEON GUERRERO,<br><br>  Plaintiff,<br><br>vs.<br><br>CNMI STATE BOARD OF EDUCATION *et al.*,<br><br>  Defendants. | Case No.: 18-cv-00006<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

Plaintiff filed a lawsuit against the Commonwealth Board of Education and its members, alleging that they terminated her employment in violation of due process, conspired to violate her due process rights, wrongfully terminated her, and breached her employment contract. (*See* Compl., ECF No. 1 at 4–24.) The Court remanded the state law claims, and on May 30, 2018, granted Defendants' motion to dismiss the federal claims on the ground that Plaintiff lacked a property right in her employment contract and failed to establish a deprivation of her liberty or property interest in her reputation. (Order on Mot. to Remand, ECF No. 21; Order on Mot. to Dismiss, ECF No. 26.) Plaintiff has now filed her motion for reconsideration of the order granting Defendants' motion to dismiss. (ECF No. 27.) The motion has been fully briefed,[1] and the Court decides the motion on the papers pursuant to LR 7.1(3)(A).

Plaintiff's motion is brought under Fed. R. Civ. P. 59(e). (Mot. for Reconsideration 2.) Under

---

[1] Motion for Reconsideration, ECF No. 27; Opp. Br., ECF No. 28; Reply Br., ECF No. 29.

1

this rule there are generally four grounds on which a court may grant the motion: "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc)).

Plaintiff contends that the Court should grant her motion to correct manifest errors of law and to prevent manifest injustice. (Mot. for Reconsideration 2.) Specifically, Plaintiff submits that she has a constitutionally protected property interest in her employment contract because the relevant statute guarantees a term of four years, and that she was deprived of her liberty interest in her good name because Defendants stated publicly that she was not getting along with them. (*Id*. at 4, 7–8.)

The Court has reviewed Plaintiff's arguments and the relevant legal filings, and finds that she has raised no new arguments. Plaintiff may disagree with the Court's understanding of the statutes and case law, but she has not persuaded the Court that it erred in dismissing her claims. Accordingly, Plaintiff's motion for reconsideration (ECF No. 27) is DENIED.

IT IS SO ORDERED.

Dated this 21st day of June, 2018.

RAMONA V. MANGLONA
Chief Judge